UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DANIEL ANTHONY WEYMOUTH )<br>)<br>Plaintiff )<br>)<br>v. ) 2:11-cv-00469-JAW<br>)<br>STATE OF MAINE, et al. )<br>)<br>Defendants ) | |

ORDER GRANTING LEAVE TO PROCEED
*IN FORMA PAUPERIS*

Daniel Weymouth, an inmate at Lexington Federal Medical Center, Lexington, KY, seeks leave to proceed *in forma pauperis*. The application to proceed *in forma pauperis* has been completed and is accompanied by a Certificate signed by an authorized individual from the institution. The Certificate evidences that the applicant has $0.21 in his account as of December 20, 2011; that over the last six months the average deposits have been $125.09 and the average monthly balance has been $2.79.

The application is GRANTED, however, pursuant to 28 U.S.C. § 1915(b)(1), Weymouth is required to pay the entire filing fee in this matter as funds become available. An initial partial filing fee is hereby ASSESSED in the amount of $25.02. In the event Weymouth elects to proceed with this matter and so notifies the Court, the initial partial filing fee shall be forwarded by the institution as soon as funds are available. Subsequent payments **of twenty percent (20%) of Plaintiff's prior monthly income** shall be forwarded directly **by the institution** each time the amount in the inmate's account exceeds $10.00 until such time as the entire filing fee of $350.00

has been paid. Weymouth is advised that, in the event he is released from incarceration prior to the filing fee of $350.00 being paid in full, he is still required to pay the entire filing fee, absent further order of the court relieving him of the obligation.

In addition, Weymouth is hereby on notice that the Court may dismiss this action if it:

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). If the Court does dismiss the action under this section, Weymouth will still be required to pay the filing fee in full.

Further, Weymouth is hereby on notice that a prisoner with three *in forma pauperis* actions dismissed under section 1915(e)(2)(B) may not thereafter, absent "imminent danger of serious physical injury," file a new action without prepayment of the entire filing fee. 28 U.S.C. § 1915(g).

Plaintiff is advised that significant portions of his complaint are particularly susceptible to dismissal at the screening stage. First, he has named as a defendant the State of Maine and some of its employees in their official capacities. A state and its officers in official capacities are generally immune from suits for monetary damages. See Kentucky v. Graham, 473 U.S. 159, 167 n. 14 (1985); See Alabama v. Pugh, 438 U.S. 781, 782 (1978); Greenless v. Almond, 277 F.3d 601, 606 (1st Cir.2002). Second, there are no specific factual allegations pertaining to the three named individual defendants that explain what each may have individually done to allegedly violate plaintiff's constitutional rights. See Ashcroft v. Iqbal, 556 U.S. 662, __, 129 S.Ct 1937, 1949-50 (2009). There are no allegations in the complaint as currently submitted that would support an inference that any of the three named defendants did anything unconstitutional.

Weymouth may file one amended complaint prior to January 25, 2012, if he wants to provide additional factual allegations pertaining to the three individual defendants.

Now therefore, Weymouth shall notify the Court no later than January 25, 2012, whether he intends to incur the cost of the filing fee and proceed with this action, or whether he intends to forego this litigation at this time. If he elects to proceed, the written notification shall clearly indicate that he understands his obligation to pay the full $350 filing fee as funds are available, and that he nevertheless wishes to proceed with the action. Failure to fully comply with this order will result in the issuance of a recommendation to dismiss the complaint. A copy of this order shall be forwarded to the Business Office of Lexington Medical Center, Lexington, KY, *following* Plaintiff's **indication to the Court that he intends to go forward with this matter and incur the $350.00 cost of suit.**

SO ORDERED.

January 5, 2012 /s/ Margaret J. Kravchuk
U.S. Magistrate Judge