UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| DANIEL ANTHONY WEYMOUTH, | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | 2:11-cv-00469-JAW |
| | ) | |
| STATE OF MAINE, *et als.*, | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION**

On December 9, 2011, Daniel Weymouth filed a complaint against the State of Maine and others alleging they violated his constitutional rights under the Fourteenth Amendment of the United States Constitution. Weymouth is a federal prisoner at the Lexington Federal Medical Center in Lexington, Kentucky. He is seeking placement in a halfway house and has sued nine officials in a dispute over a state court warrant issued for his arrest because of his failure to pay restitution in an old case. The warrant's existence has stymied his attempts to obtain community placement in the federal system.

His complaint was accompanied by an application to proceed without prepayment of the filing fee. On December 12, 2011, I issued an Order granting Plaintiff *in forma pauperis* status and directed that he notify the Court no later than January 25, 2012, of his intent to proceed with this action. I advised Plaintiff that his complaint was particularly susceptible to dismissal and set a deadline of January 25, 2012, for him to provide additional factual allegations:

> Plaintiff is advised that significant portions of his complaint are particularly susceptible to dismissal at the screening stage. First, he has named as a defendant the State of Maine and some of its employees in their official capacities. A state and its officers in official capacities are generally immune from suits for monetary damages. See Kentucky v. Graham, 473 U.S. 159, 167 n.14 (1985); See Alabama v. Pugh, 438 U.S. 781, 782 (1978); Greenless v. Almond, 277 F.3d 601, 606 (1st

> Cir. 2002). Second, there are no specific factual allegations pertaining to the three named individual defendants that explain what each may have individually done to allegedly violate plaintiff's constitutional rights. See Ashcroft v. Iqbal, 556 U.S. 662, __, 129 S.Ct 1937, 1949-50 (2009). There are no allegations in the complaint as currently submitted that would support an inference that any of the three named defendants did anything unconstitutional.

(Order Granting Leave to Proceed in Forma Pauperis, Doc. No. 4 at 2-3.)

Further, the Plaintiff was informed that should he fail to fully comply with the Order I would issue a recommendation that the action be dismissed. As of today's date, Plaintiff has failed to notify the Court of his intention to proceed or supply further factual allegations.

Accordingly, it is recommended that the Complaint be **DISMISSED** for plaintiff's failure to prosecute this action.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) (1993) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

February 16, 2012

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge